United States District Court
Southern District of Texas
**ENTERED**
June 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Castle Energy Group, LLC f/k/a Progressive Pipeline Construction, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> Universal Ensco, Inc., <br><br> *Defendant.* | Case No. 4:23-cv-04314 |

## MEMORANDUM AND RECOMMENDATION

On June 5, 2024, the Court heard arguments on Defendant Universal Ensco, Inc.'s motion to dismiss (Dkt. 9) under Fed. R. Civ. P. 12(b)(6). As evident from Plaintiff Castle Energy Group's supplemental brief (Dkt. 28), some of the facts have changed since the original complaint was filed. At the hearing, Castle Energy also stated that it has more facts and documentation, beyond its allegations in its original complaint, substantiating that it has satisfied conditions precedent specified in the underlying Construction Subcontract, or that Ensco wrongly prevented other conditions from occurring.

Rule 9(c) states that satisfaction of conditions precedent can be alleged "generally." *See* Fed. R. Civ. P. 9(c). But that language does not allow a plaintiff to avoid the "strictures of Rule 8 .... And Rule 8 does not empower [a

plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (analyzing relationship between Fed. R. Civ. P. 8 and 9(d)); *see also, e.g.*, *Peche v. Wavle*, 2020 WL 7973919, at *4-5 (W.D. Tex. Apr. 28, 2020) (Bemporad, M.J.) (extending *Twombly/Iqbal*'s plausibility standard to reject conclusory assertion that conditions precedent were met).

Whether Castle Energy can allege sufficient facts to plausibly show it satisfied certain contractual conditions precedent is material to determining whether its breach of contract claim can survive dismissal. In addition, Castle Energy has argued that Ensco hindered the occurrence of certain conditions upon which Ensco's liability depends. *See, e.g.*, *Clear Lake City Water Auth. v. Friendswood Dev. Co.*, 344 S.W.3d 514, 519 & n.10 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (collecting authorities for principle that "a party who prevents or makes impossible the occurrence of a condition precedent upon which its liability under a contract depends cannot rely on the nonoccurence to escape liability") (internal quotation marks omitted). And even assuming the original complaint does not include enough facts to support these theories, the Court would need to consider whether to grant leave to replead.

Given Castle Energy's position that it has more facts to bolster its theories, the most efficient course is to permit Castle Energy to file an amended

complaint, as ordered below. As such, it is recommended that Ensco's motion to dismiss be denied as moot, without prejudice to Ensco renewing its motion to dismiss after the amended complaint is filed.

### Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Plaintiff Castle Energy Group is **GRANTED LEAVE** to file an amended complaint by **June 21, 2024.**

Accordingly, it is **RECOMMENDED** that Defendant Universal Ensco Inc.'s motion to dismiss (Dkt. 9) be **DENIED AS MOOT**. Ensco has the default 21 days to file either an answer or a renewed motion to dismiss after the amended complaint is served. *See* Fed. R. Civ. P. 12(a), (b).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 5, 2024, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge