United States District Court
Southern District of Texas
**ENTERED**
December 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Castle Energy Group, LLC f/k/a Progressive Pipeline Construction, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> Universal Ensco, Inc., <br><br> *Defendant.* | § § § § § § § § § § § § § § § Civil Action No. 4:23-cv-04314 |

## ORDER ON LEAVE TO AMEND ANSWER

On November 15, 2024, Defendant Universal Ensco, Inc. ("Ensco") filed a motion for leave to amend its answer to raise eleven new affirmative defenses, Dkt. 45 (requesting to amend Dkt. 34); Dkt. 45-1 (proposed amended answer), which Plaintiff Castle Energy Group, LLC ("Castle Energy") opposed, Dkt. 48. Ensco fails to acknowledge the deadline for amending pleadings, which expired six months ago, on June 7, 2024. Dkt. 26. Although Ensco notes that its amended answer was filed after that deadline, on July 5, 2024, Dkt. 45 at 1, that occurred only because the Court granted Plaintiff Castle Energy leave to file an amended complaint and mooted Ensco's motion to dismiss, Dkt. 29. Moreover, Ensco offers zero explanation for waiting until now—over five months after filing its answer—to seek an amendment.

As Plaintiff Castle Energy Group, LLC correctly observes, *see* Dkt. 48 at 2, Ensco's motion avoids mentioning the need to show *good cause* for obtaining leave to amend. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *see* Fed. R. Civ. P. 16(b). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Fahim*, 551 F.3d at 348 (quotation omitted).

The good cause standard "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* (quoting *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). Four factors inform whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536). Only upon showing good cause does Rule 15(a)'s more liberal standard for amendments apply. *See id.*

While avoiding mention of "good cause," Ensco does attempt to address the four factors—but only generically. On the first factor, Ensco offers no justifiable explanation for waiting this long to raise almost a dozen new

defenses. There is no indication that its proposed defenses are premised on new facts. *See, e.g., S&W Enters.*, 315 F.3d at 536 (party failed to adequately explain its delay, as "the same facts were known to [it] from the time of its original complaint" and it "could have asserted" the proposed claim "from the beginning"). Far from demonstrating diligence, this request was precipitated by the recent appearance of Ensco's new attorneys, its third such substitution in this case. But the decision of Ensco's two prior counsel not to raise those affirmative defenses, inadvertent or otherwise, does not supply good cause for raising them now. *See Rios v. City of Conroe*, 674 F. App'x 366, 368 (5th Cir. 2016) (per curiam) (affirming denial of leave to raise a theory that four prior attorneys did not raise, quoting the district court's explanation that "[m]ere inadvertence is insufficient to constitute good cause"). This factor weighs heavily against allowing amendment, regardless of whether the amendment would result in prejudice. *See id.* (agreeing with the district court's finding that new counsel's assertion of a new claim failed to show good cause even if "coupled with [ ] lack of prejudice to the non-movant").

Second, Ensco's bare assertions about the importance of its amendment do not suffice. *See* Dkt. 45 at 2. Ensco says that the amended answer "clarifies [its] position on certain factual allegations asserted by Castle Energy ...." *Id.* Such a clarification, which Ensco would need to provide during discovery anyway, adds nothing material to this case. Ensco also claims that it wishes

3

to "advance[ ] meritorious defenses," but fails to explain how any one of the eleven defenses has merit. *See id.* To the contrary, Ensco concedes that their merit depends on what discovery might ultimately reveal. *See id.* at 3 (asserting Ensco is "confident" that information "it will develop during discovery will substantiate the affirmative defenses and factual allegations"). Ensco thus *theorizes*—without existing factual basis—that the defenses *could* help its case. That hardly shows that any defense is important enough to justify raising it belatedly now.

For the final two factors, Ensco primarily argues that "[d]iscovery is in its early stages," such that the amendment will not cause unfair prejudice or substantial burden. Dkt. 45 at 3. But this case has been pending for more than a year. *See* Dkt. 1 (filed November 15, 2023). Discovery has been stalled by Ensco's non-compliance with its discovery obligations—including its failure to produce documents that Castle Energy requested in July 2024, but Ensco still has not fully produced. *See* Dkt. 39, 46. The delay has been compounded by Ensco's decision to cycle through a host of attorneys. And while discovery does not close until May 1, 2025, *see* Dkt. 26 at 2, Ensco's foot-dragging has raised serious questions as to whether that deadline will slip. It would be unfair to allow Ensco to benefit from its own delays, inject nearly a dozen new defenses, and threaten the viability of many future deadlines in this case.

At bottom, this Court has "broad discretion" to determine whether a party has shown good cause for leave to amend after the deadline for amendment has expired. *See S&W Enters.*, 315 F.3d at 535. Weighing the factors, including Ensco's lack of adequate (or any) justification, its failure to demonstrate the importance of amendment, and the threatened impact on the course of these proceedings, the Court finds no good cause for allowing an amendment here.

Accordingly, it is **ORDERED** that Defendant Universal Ensco, Inc.'s motion for leave to amend its answer (Dkt. 45) is **DENIED**.

Signed on December 13, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge